# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAYNE A. POWE, REGINA Y. POWE | § § | |
| v. | § § § | Civil Action No. 4:15-CV-661 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2004-A7 MORTGAGE PASS-THROUGH CERTIFICATES 2004-G | § § § § § § | (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 15, 2016, the report of the Magistrate Judge (Dkt. #21) was entered containing proposed findings of fact and recommendations that Defendant Deutsche Bank National Trust Company's ("Defendant") Motion to Dismiss (Dkt. #11) be granted. Having received the report of the Magistrate Judge (Dkt. #21), having considered Plaintiffs Wayne A. Powe and Regina Y Powe's ("Plaintiffs") timely filed objections (Dkt. #22), Defendant's response to Plaintiffs' objections (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

### BACKGROUND

Plaintiffs originally commenced this action on July 31, 2015, in the 401st District Court, Collin County, Texas, Cause No. 401-03028-2015 ("State Court Action") against Defendant (Dkt. #1 at 1).[1] The claims in Plaintiffs' Petition relate to the servicing and foreclosure

---

[1] Prior to initiation of the current lawsuit in Texas state court, Defendant filed a Rule 736 Proceeding for foreclosure on the Property ("Rule 736 Proceeding") (Dkt. #10-4 at 1). *In Re: Order for Foreclosure Concerning 291 Oakwood*

proceedings of Plaintiffs' loan secured by the residence, located at 291 Oakwood Trail, Fairview, Texas 75069 ("Property"). *Id*. at 1-2. On August 28, 2015, the case was removed to the Eastern District of Texas (Dkt. #1). Thereafter, Plaintiffs filed an Amended Complaint alleging claims for: (1) Violations of the Pooling and Servicing Agreement ("PSA"); (2) Truth In Lending Act ("TILA") violations; (3) Quiet Title; (4) Unjust Enrichment; (5) Declaratory Judgment (requesting that the lien on the Property be declared invalid); and (6) Procedural Deficiencies in the Rule 736 Proceeding (Dkt. #9). On November 20, 2015, Defendant filed a Motion to Dismiss under 12(b)(6) (Dkt. #11) requesting that each of Plaintiffs' claims be dismissed. On February 5, 2016, Plaintiffs filed a Response (Dkt. #15). The Magistrate Judge entered a report and recommendation on June 15, 2016, recommending Defendant's Motion to Dismiss be granted (Dkt. #21 at 17). On June 29, 2016, Plaintiffs timely filed objections to the Magistrate Judge's report (Dkt. #22). On July 11, 2016, Defendant filed a response to Plaintiffs' objections (Dkt. #23).

## PLAINTIFFS' OBJECTIONS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiffs assert two objections herein: (1) the Magistrate Judge incorrectly found Plaintiffs cannot challenge the purported assignment from IndyMac Bank, F.S.B. to OneWest Bank, F.S.B.; and (2) the Magistrate Judge incorrectly found limitations barred Plaintiffs' claims (Dkt. #22).

---

*Trail Fairview, TX 75069 Under Tex.R.Civ.Proc. 736 Petitioner: Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2004-A7 Mortgage Pass-Through Certificates Series 2004-G Respondent(s) vs. Wayne A Powe and Regina Y Powe*, No. 401-02037-2015 (401st Dist. Ct., Collin County, Tex. August 12, 2015). The Rule 736 Proceeding was later dismissed without prejudice by Defendant's Notice of Non-Suit. (Dkt. #20, Ex. 1). *Id.*

Plaintiffs' objections, as stated, effect and/or impact only two of the findings and conclusions of the Magistrate Judge (*see* Dkts. #21-22). The Magistrate Judge's report specifically recommended that:

(1) Plaintiffs' claims for violations of the PSA and TILA be dismissed because Plaintiffs have not objected to dismissal of these claims (Dkt. #15 at 8-9, 11; Dkt. #21 at 5-6);

(2) Plaintiffs' claims based on the invalidity of the chain of assignments, including specifically the invalidity of the IndyMac Bank/OneWest Assignment and the OneWest/Defendant Assignment, be dismissed for lack of standing to challenge the Assignments on grounds that merely render the Assignments voidable (Dkt. #21 at 6-11);

(3) Plaintiffs' claim for unjust enrichment/restitution be dismissed because it is barred by the statute of limitations (Dkt. #21 at 11-12);

(4) Plaintiffs' claims based on the Rule 736 Proceeding be dismissed as moot (Dkt. #21 at 13-14);

(5) Plaintiffs' claim for quiet title be dismissed because Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #21 at 14-15);

(6) Plaintiffs' claim for unjust enrichment/restitution be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #21 at 15-16).

Plaintiffs do not object to the findings of the Magistrate Judge: (i) that Plaintiffs' claims for violations of the PSA and TILA; (ii) Plaintiffs' claims based on the Rule 736 Proceeding; and (iii) Plaintiffs' claim for quiet title, should be dismissed (*see* Dkt. #22). Nor do Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' claim for unjust enrichment/restitution should be dismissed under Rule 12(b)(6). *Id.*

As such, the Court holds that these findings and conclusions of the Magistrate Judge are correct and will be adopted as the findings and conclusions of the Court. Accordingly, Plaintiffs' claims: (i) for violations of the PSA and TILA; (ii) based on the Rule 736 Proceeding;

(iii) for quiet title; and (iv) for unjust enrichment/restitution are dismissed. The Court now addresses each of Plaintiffs' objections in turn.

*Objection 1:* *Plaintiffs' Claim Based on the Purported Assignment of the Note from IndyMac Bank, F.S.B. to OneWest Bank, F.S.B., which was a Void and Invalid Assignment.*

Plaintiffs' first objection contends that the Magistrate Judge improperly found that Plaintiffs' claims based on the IndyMac Bank/OneWest Assignment should be dismissed because Plaintiffs lack standing to assert such claims (Dkt. #22 at 1-3). Specifically, Plaintiffs assert that: (1) the Magistrate Judge improperly relied on the bulk asset transfer by the FDIC, rather than the individual assignment at issue, to reach this result; and (2) the Magistrate Judge misstated the holding and/or effect of the reversal of *Burke* cited in support of Plaintiffs' arguments. *Id.*

The Magistrate Judge, in reliance on binding Fifth Circuit precedent *Reinagel v. Deutsche Bank National Trust Company.*, 735 F.3d 220, 224–28 (5th Cir. 2013), found that Plaintiffs, as non-signatories, lacked standing to challenge the IndyMac Bank/OneWest Assignment because Plaintiffs' challenges to the assignment merely rendered it voidable, not void (Dkt. #21 at 6-11). In *Reinagel*, the Fifth Circuit found that a non-signatory to a contract (including an assignment such as here) may only challenge the contract on grounds that render the contract void; the non-signatory lacks standing to assert any grounds which merely renders it voidable, such as lack of authority of an individual to sign the contract on behalf of a company. *Reinagel*, 735 F.3d at 224–28; *see also Casterline v. OneWest Bank, F.S.B.*, No. CAC–12–150, 2012 WL 5465982, at *3-5 (S.D. Tex. Oct. 10, 2012) (finding that plaintiffs lacked standing to challenge an assignment from IndyMac Bank to Deutsche National Trust Company

4

because plaintiffs challenged the assignment only on grounds that rendered the assignment voidable, not void).

Here, Plaintiffs challenge the validity of the assignment of the deed of trust from IndyMac Bank to OneWest on September 10, 2009, which was executed by Erica A. Johnson-Seck, attorney-in-fact for IndyMac Bank and its successors and/or assigns (Dkt. #9 at 6, 13-15; Dkt. #15 at 4-8, Ex. C). Plaintiffs argue that because IndyMac Bank was defunct and/or had been shut down at the time the IndyMac Bank/OneWest Assignment was executed, it was void. *Id.* Plaintiffs' sole authority for this proposition was *Burke*, wherein the Court found an assignment void because it was signed by a purportedly "dead" party (Dkt. #15 at 4-8). *See Deutsche Bank Nat'l Trust Co. v. Burke*, 92 F. Supp. 3d 601, 602 (S.D. Tex. 2015), *vacated and remanded sub nom. DEUTSCHE BANK NATIONAL TRUST COMPANY, as Tr. of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling & Servicing Agreement dated June 1, 2007, Plaintiff - Appellant v. JOANNA BURKE; JOHN BURKE, Defendants - Appellees*, No. 15-20201, 2016 WL 3209223 (5th Cir. June 9, 2016) ("*Fifth Circuit Opinion*"). The *Burke* Court reasoned, in part, that IndyMac Bank had been closed by the Office of Thrift Supervision and did not exist on the date the assignment was executed or its effective date. *Id.* The Magistrate Judge correctly noted that *Burke* has been vacated and reversed in full by the Fifth Circuit (Dkt. #21 at 10-11). *See Fifth Circuit Opinion*, 2016 WL 3209223, at *3. While the Fifth Circuit Opinion did not specifically address the argument Plaintiffs assert herein, that fact is irrelevant as the underlying opinion was entirely vacated and has no precedential value (Dkt. #21 at 10-11). *Fifth Circuit Opinion*, 2016 WL 3209223, at *3; *see Asgeirsson v. Abbott*, 696 F.3d 454, 459 (5th Cir. 2012) (stating that the Fifth Circuit has consistently held that a vacated decision has no precedential value).

Moreover, Plaintiffs' objection focusing on the alleged inapplicability of the bulk asset sale to OneWest through the receivership — omits and ignores the discussion in the report and recommendation that the IndyMac Bank/OneWest Assignment, at issue here, includes the language "successors and assigns" (Dkt. #22 at 1-3). Plaintiffs have clearly admitted in their underlying pleadings, and now again in their objections, that the IndyMac Bank/OneWest Assignment was executed by "IndyMac Bank, F.S.B. ***and its successors and/or assigns***" and further that the FDIC, a successor in interest and "live" entity, had authority, as receiver, to transfer the assets of IndyMac Bank (Dkt. #15 at 4-7; *see also* Dkt. #9 at 3-6, 11-12, 14; Dkt. #22 at 1-2). In *Casterline*, considered by the Magistrate Judge, the assignment at issue similarly stated, "IndyMac, its successors and assigns" and the court found such language necessarily included the FDIC and OneWest Bank, the successors and/or assigns of IndyMac Bank. *Casterline*, 2012 WL 5465982, at *3-5. *Casterline* reasoned that even if IndyMac Bank was defunct on the date of assignment, an individual authorized to sign the assignment on behalf of a successor or assign of IndyMac Bank could properly execute an assignment.[2] *Id.* Thus, Plaintiffs' focus on the reference to a bulk asset sale (alleging no such asset sale applies here), ignores that *Casterline* also found that IndyMac Bank was in receivership and an attorney-in-fact for a successor in interest and/or assignee of IndyMac Bank (such as the FDIC or IndyMac Federal, F.S.B.) could still validly execute an assignment (*see* Dkt. #15, Ex. C). *Casterline*, 2012 WL 5465982, at *3-5. Such is the case here; the IndyMac Bank/OneWest Assignment includes the language "IndyMac Bank, F.S.B. and its successors and/or assigns" (Dkt. #15, Ex. C). Similarly, it was signed by an attorney-in-fact acting for "IndyMac Bank, F.S.B. and its successors and/or assigns." *Id.* Accordingly, Plaintiffs' challenge, while couched

---

[2] The court in *Casterline* was also not persuaded that IndyMac Bank was "dead" or defunct on the date of the assignment, noting that the public records reflected IndyMac Bank was in receivership and/or conservatorship at that time. *Id.*

or framed in terms of a defunct or dead entity, is merely a challenge to the authority of the signor of the IndyMac Bank/OneWest Assignment who executed it at that time. *See Casterline*, 2012 WL 5465982, at *3-5. A challenge to the authority of the signor, such as Plaintiffs' challenge here, is clearly recognized under *Reinagel* as a ground a non-signatory has no standing to assert, because the ground merely renders the Assignment voidable, not void. 735 F.3d at 224–28. Plaintiffs, as non-signatories, therefore lack standing to challenge the IndyMac Bank/OneWest Assignment on such ground, and any claims relying thereupon, including but not limited to Plaintiffs' claims for declaratory judgment, must be dismissed. Plaintiffs' first objection is overruled.

*Objection 2:    Limitations*

Plaintiffs also object to the finding by the Magistrate Judge that Plaintiffs' unjust enrichment/restitution claim is barred by limitations (Dkt. #21 at 11-12; Dkt. #22 at 3). Notably, Plaintiffs do not object to the Magistrate Judge's finding that Plaintiffs failed to state a claim for unjust enrichment/restitution under Federal Rule of Civil Procedure 12(b)(6) (*see* Dkt. #21 at 11-12; Dkt. #22 at 3). Again, the Magistrate Judge found that Plaintiffs' unjust enrichment/restitution claim failed to state a claim upon which relief can be granted because the Parties had a contract (Dkt. #21 at 11-12). Plaintiffs have not objected to such finding; therefore, even if the unjust enrichment/restitution claim was not barred by limitations, such claim must still be dismissed (Dkts. #21-22). Accordingly, no matter the result or disposition of Plaintiffs' objections regarding limitations, Plaintiffs' unjust enrichment/restitution claim is properly dismissed.

Nevertheless, the Court reviews the objection. Plaintiffs do not dispute that Plaintiffs' unjust enrichment/restitution claim is subject to Texas's two year

7

statute of limitations (Dkts. #21-22). *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 869 (Tex. 2007); TEX. CIV. PRAC. & REM. CODE §§ 16.003, 16.051. Rather, Plaintiffs assert that the latest date of injury for the unjust enrichment/restitution claim was July 2015, bringing such claim within the limitations period (Dkt. #22 at 3-4). Plaintiffs specifically assert in their objections that the date of injury for Plaintiffs' claim was July 2015, when the Rule 736 Proceeding was filed in Texas state court; and that the Magistrate Judge erred in citing or relying on January 7, 2011. *Id.*

Plaintiffs allege, by way of their unjust enrichment/restitution claim, that because Defendant was allegedly not the legal owner of the note/deed of trust, Plaintiffs are entitled to repayment of any and all payments made to Defendant (who as a non-owner would not be entitled to such payments) since June 2004 under the note/deed of trust (Dkt. #9 at 16). Plaintiffs argue limitations for this claim should be measured from July 2015 (Dkt. #22 at 3-4). As a general proposition, a cause of action accrues when a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *See Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994); *see also Sw. Energy Prod. Co. v. Berry-Helfand*, No. 13-0986, 2016 WL 3212999, at *15 (Tex. June 10, 2016). Different claims asserted in the same lawsuit may have different injury and accrual dates for purposes of the statute of limitations. *See e.g. Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (finding breach of contract, negligent misrepresentation, and indemnification had different accrual/injury dates for purposes of limitations).

Again, Plaintiffs' unjust enrichment/restitution claim seeks recoupment in the form of monetary damages for alleged payments made by Plaintiffs to Defendant when Defendant was

not the lawful owner of the note and/or deed of trust on the Property (Dkt. #9 at 16). Plaintiffs have not alleged anywhere in the Amended Complaint or otherwise, the dates on which they made payments (the alleged "injury" for purposes of the unjust enrichment/restitution claim) or the dates on which any payments were accepted by Defendant (*see generally* Dkt. #9). And the Magistrate Judge noted the latest date referenced in the Amended Complaint in connection with any wrongdoing by Defendant is January 7, 2011 (Dkt. #21 at 6-11; *see generally* Dkt. #9). *Id.* Notwithstanding, Plaintiffs attempt to argue that "Defendant's wrongdoing occurred when it filed the state court action" in July 2015.

A party cannot circumvent the statute of limitations merely by referencing a later injury date applicable to a completely different claim, where such date has no discernable connection with the claim at issue. *See Smith Int'l, Inc.*, 490 F.3d at 387 (finding accrual date for breach of contract and negligent misrepresentation, which accrued when breach occurred, was different than the accrual date for the indemnification claim, which accrued when plaintiff became liable to pay a judgment, even though all claims arose from the same underlying contract and relationship between the parties); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 677 (E.D. La. 2007), *aff'd,* 265 F. App'x 363 (5th Cir. 2008) (finding claims based on alleged discrimination in the yearly state appointee selection process for multiple years were independent, discrete injuries and claims, with some, but not all claims limitations barred). To find otherwise would render limitations a nullity.

Plaintiffs' Amended Complaint alleges numerous claims (Dkt. #9). The only claim Plaintiffs assert based on the filing of the Rule 736 Proceeding is the declaratory judgment action seeking to declare the Rule 736 Order void. *Id.* at 11-13. Plaintiffs' claim for unjust enrichment/restitution based on payments made by Plaintiffs to Defendant is independent of that

9

claim (Dkt. #9 at 15-16). *See Mitchell*, 515 F. Supp. 2d at 677 (finding claims based on alleged discrimination related to the selection process for a state appointment were discrete and independent injuries, with some, but not all claims barred by the statute of limitations); *Edwards v. Galveston-Texas City Pilots*, 203 F. Supp. 2d 759, 767 (S.D. Tex. 2002) (explaining plaintiff alleged two discrete injuries, one in 1999 that was limitations barred and one in 2000 that was not); *see also Smith Int'l, Inc.*, 490 F.3d at 387-88 (finding accrual date for party's breach of contract and negligent representation claims was different than accrual date for the indemnification claims). Plaintiffs' filing of this lawsuit stayed the Rule 736 Order; that Order has been vacated and the Rule 736 Proceeding non-suited (Dkt. #20). Tex. R. Civ. P. 736.11. Any claims based on the filing of the Rule 736 Proceeding are therefore moot, and the last identifiable allegation of wrongdoing in Plaintiffs' Amended Complaint remains the recording of the OneWest/Defendant Assignment in January 2011 (Dkt. #9 at 17). *Medcalf v. Ocwen Loan Servicing LLC*, No. A-14-CA-096-SS, 2014 WL 2722325, at *3 (W.D. Tex. June 16, 2014) (stating that claims brought under rule 736 proceeding for foreclosure were moot because Rule 736.11 obligates the state court to vacate the order of foreclosure when a lawsuit challenging the foreclosure is filed). Plaintiffs thus have not pleaded an injury for which they seek unjust enrichment/restitution within the relevant two-year time period, and Plaintiffs' unjust enrichment/restitution claim is thus limitations barred. *Elledge*, 240 S.W.3d at 869; TEX. CIV. PRAC. & REM. CODE § 16.003. Accordingly, Plaintiffs' unjust enrichment/restitution claim is barred by limitations, and Plaintiffs' second objection is overruled.

**CONCLUSION**

Having received the report of the United States Magistrate Judge, having considered Plaintiffs' timely filed objection (Dkt. #22), Defendant's response (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #21) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Dkt. #11) is **GRANTED**, and Plaintiffs claims are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
 **SIGNED this 29th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE