IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAYNE A. POWE, REGINA Y. POWE, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:15-CV-00661-ALM-CAN |
| v. | § § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2004-A7 MORTGAGE PASS-THROUGH CERTIFICATES 2004-G; | § § § § § § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO RECUSE

Plaintiffs Regina Y. Powe and Wayne A. Powe, have moved to recuse the undersigned magistrate judge under 28 U.S.C. § 455(a) [Dkt. 70]. Plaintiffs argue the undersigned's impartiality may reasonably be questioned because: (a) in 2011 and 2012—at least three years prior to the undersigned's assignment to the above-captioned case—the undersigned represented Defendant Deutsche Bank in another matter and (b) the undersigned failed to disclose such representation to Plaintiffs at the outset of this case. Reading *pro se* Plaintiffs' Motion liberally, Plaintiffs also claim recusal is necessary because the undersigned's past rulings and comments in this matter evince a bias against them. The undersigned finds herein that a reasonable, objective person knowing all of the facts would harbor no doubts about the undersigned's impartiality in this matter.

## LEGAL STANDARD

Plaintiffs, as the party moving to recuse, bear "a heavy burden of proof" in showing the undersigned should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL

MEMORANDUM ORDER – Page 1

1664256, at *2 (M.D. La. Apr. 25, 2014). 28 United States Code section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the judge. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The U.S. Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098, 197 L. Ed. 2d 206 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

Further, the recusal inquiry "is 'extremely fact intensive and fact bound'" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by

an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226-27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration).

**ANALYSIS**

Plaintiffs assert multiple bases exist for the undersigned's recusal in the instant Motion: (1) the undersigned represented Defendant Deutsche Bank in another matter before the Northern District of Texas in 2011 and/or 2012; (2) the undersigned improperly concealed and/or failed to give Plaintiffs notice of her prior representation of Defendant Deutsche Bank; and (3) the undersigned made numerous statements and rulings on the record during a hearing on June 21, 2017 ("Hearing") that further demonstrate the undersigned's bias [Dkt. 70].[1]

*Prior Representation of Deutsche Bank*

Plaintiffs assert recusal is necessary because the undersigned has previously represented Defendant Deutsche Bank and Plaintiffs are entitled to have a judge who has not been previously affiliated with Deutsche Bank. To reiterate, pursuant to § 455(a), recusal is necessary if in light of all of the underlying facts and circumstances, an objective, reasonable observer would question the undersigned's impartiality in this matter. Recusal is not appropriate in this matter.

---

[1] Plaintiffs also assert as a basis for recusal the fact that the undersigned represented "alleged assignee" OneWest in another matter before the Northern District of Texas in 2013, namely *Bakutis v. OneWest Bank FSB*, Northern District of Texas Case No. 4:13-cv-322-A. The undersigned notes OneWest is not a named party in this case and has connection to the case only through an alleged assignment interest. Such an attenuated (and merely alleged) connection with the case is insufficient to raise any concern of bias in the mind of a reasonable observer. Courts have found the same even where the judge's own interest—as opposed to the interest of one of her former clients—arguably is at issue. *Cf. In re City of Houston*, 745 F.2d 925, 929 (5th Cir. 1984) (finding that "a judge who is a member of a 23(b)(2) class" would not qualify as a "party for purposes of recusal" and accordingly could be disregarded for the section 455 analysis); *Chitimacha Tribe of La.*, 690 F.2d at 1166 (noting the judge subject of recusal was not a named party such that his interest in the outcome in the matter was too remote to warrant recusal). Moreover, the representation of OneWest cited by Plaintiffs concluded in 2013, two years prior to the undersigned's assignment to this case. The undersigned accordingly finds recusal inappropriate on this ground.

The undersigned made an appearance on behalf of Deutsche Bank in a case before the Northern District of Texas on January 12, 2012. *Williams v. Deutsche Bank Nat'l Tr. Co.*, Northern District of Texas Case No. 3:11-cv-03223, Dkt. 12 (Unopposed Motion for Withdrawal and Substitution of Counsel). As an initial matter, the undersigned highlights the gap between the representation of Deutsche Bank and the assignment to the instant matter of nearly three years. The *Williams* case was removed to federal court on November 18, 2011, and concluded in under a year on October 12, 2012, while the undersigned was assigned the instant case on September 28, 2015. The undersigned's representation of Deutsche Bank constituted approximately one percent of the undersigned's work in private practice during years 2011 and 2012 and the *Williams* case was resolved in a short amount of time, through settlement, and with no dispositive briefing. Moreover, at all times related to the representation of Deutsche Bank, the undersigned was an associate—not a partner—at the firm, and thus did not control or direct any activities on the matter. In light of these facts, the undersigned's past representation of Deutsche Bank provides no basis for recusal in this case. *See Chitimacha Tribe of La.*, 690 F.2d at 1166 (finding judge's former representation of one of the parties "in unrelated matters" did not warrant recusal); *cf. Mangum v. Hargett*, 67 F.3d 80, 82 (5th Cir. 1995) (finding under separate provision of § 455 that the judge's status as member of the prosecution staff when the habeas claimant in the case before the judge had pleaded guilty did not warrant recusal); *Black v. Am. Mut. Ins. Co.*, 503 F. Supp. 172, 173-74 (E.D. Ky. 1980) (finding a judge's prior involvement with a party while in private practice "litigat[ing] unrelated cases" an insufficient basis for recusal under the objective, reasonable person standard).

The undersigned further notes the case Plaintiffs point to are not similar and/or the same as the instant matter. In *Williams*, the plaintiffs alleged they had closed a *valid* loan for certain

property in December 2005, that Deutsche Bank "as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2005-D" subsequently acquired the note and deed of trust comprising the loan in 2010, and that Deutsche Bank in its capacity as trustee for the same trust foreclosed the loan and purchased the property at foreclosure. *Id.*, Dkt. 1, Ex. B. The *Williams* plaintiffs did not assert the underlying loan or lien attached to the property were void or even voidable—indeed, they alleged "the originator, IndyMac Bank, F.S.B., or at least its agent MERS, still legally owned and held the Note"—and claimed only that Deutsche Bank's foreclosure and actions incident thereto harmed the plaintiffs. *Id.* In October 2012, the *Williams* plaintiffs voluntarily dismissed the case with prejudice, noting "that all matters in controversy . . . ha[d] been fully and finally compromised and settled." *Id.*, Dkts. 18-19. By contrast, in the instant case, Plaintiffs assert claims based on allegations that the lien on which Defendant seeks to foreclose is invalid. In addition, this case has proceeded to dispositive motions practice, and the undersigned has ruled and/or made recommendations both for and against each of the Parties throughout the pendency of this case [*see, e.g.*, Dkts. 21 (finding Plaintiffs' claims should be dismissed); 30 (deeming Plaintiffs' late-filed opposition to Defendant's counterclaim timely filed)].

In sum, no objective, reasonable observer would question my impartiality in light of the foregoing. As explored *supra*, my former, brief representation of Deutsche Bank involved none of the same issues as those presented in the instant case. The representation concluded approximately three years prior to the assignment of this matter to the undersigned, without adversarial dispositive motions practice, and while the undersigned was an associate attorney. This case does not present a "close call" for recusal but is, to the contrary, devoid of the appearance of impropriety. The undersigned accordingly finds no basis for recusal under § 455(a).

To the extent Plaintiffs argue the undersigned had a separate, independent duty to disclose this prior representation at the outset of the undersigned's assignment to this case, the statute does not support such theory. A judge may (and should) provide parties notice of prior representation or other facts that might serve as a basis for recusal "[w]here the ground for disqualification arises . . . under [§ 455(a)]," as such grounds may be waived. 28 U.S.C. § 455(e). Subsection (e) does not impose an additional duty of disclosure and, in any event, does not apply when subsection (a) would not require recusal. *See, e.g.*, *Barksdale v. Emerick*, 853 F.2d 1359, 1363 (6th Cir. 1988); *Ceeves v. S. Clays, Inc.*, 797 F. Supp. 1570 (M.D. Ga. 1992) (noting that, "whenever it appears that disqualification may be required pursuant to § 455(a), the judge must either withdraw or make 'a full disclosure on the record'"). Because the undersigned finds no basis for recusal under § 455(a), the undersigned had no occasion to consider whether to disclose my limited prior representation on the record, much less to actually disclose it.

*Alleged Bias*

Plaintiffs also allege the undersigned has made rulings and/or comments during Hearing which reflect bias in favor of Defendant.[2] Specifically, Plaintiffs claim the undersigned "mentioned that [I] 'was very familiar with the bailout and mortgage crisis'" and "ha[ve] had a lot of these cases before"; that the undersigned "[knew] adequate discovery has been the downfall of all cases where Deutsche Bank was forced to prove its right to foreclose"; that "[a]fter discussion with Deutsche[] Bank's attorney, [I] then threw out [certain of Plaintiffs' requests for production" and counseled Plaintiffs to work with Defendant in using the EDGAR system to retrieve the

---

[2] Where appropriate, the undersigned corrects inaccuracies in Plaintiffs' recounting of Hearing. The undersigned does so because a court must determine what conclusion a reasonable, objective person would reach if "informed of all the surrounding facts and circumstances" at issue. *Cheney*, 541 U.S. at 924; *see also Manley v. Nat'l ProSource, Inc.*, No. CIV.A. H-11-2408, 2013 WL 1389980, at *4 (S.D. Tex. Apr. 4, 2013) (correcting erroneous facts recited in movant's motion for recusal); *cf. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981) (determining that several of a judge's improper comments were "misleadingly quoted out of context" by the movant).

documents they sought; and that the undersigned asked whether Plaintiffs held the "position 'that if Deutsche Bank receives payment from . . . that than [sic] absolves you [Plaintiffs] of having to pay your debt?'" [Dkt. 70]. These comments neither demonstrate an appearance of impropriety nor are accurately framed.

As an initial matter, any "discussion" with the Parties during Hearing was on the record and included both Parties. Any implication in Plaintiffs' allegation that the undersigned discussed the matter with Defendant's attorney off the record or without Plaintiffs is inaccurate and is disregarded for the purpose of my analysis. Further, the undersigned has seen many of these types of cases because the undersigned has presided over a number of foreclosure cases during my tenure on the bench. Experience with a particular type of case does not constitute a basis for recusal. Finally, the undersigned rejected Plaintiffs' requests for production on the basis of the law, as indicated on the record at Hearing. Plaintiffs had an opportunity to object to such findings and seek review by the District Court.

In addition, to the extent Plaintiffs also seek the undersigned's recusal based on conduct and representations during the pendency of this case, the undersigned notes that, while personal animosity toward a party (or favor for the other) can be the basis for recusal, such is not the case here. The undersigned has based any decisions on the evidence and arguments presented for consideration. Except in extreme circumstances demonstrating favoritism or antagonism, determinations of bias or partiality cannot be based on opinions, rulings, or incidents arising out of the course of the proceedings in question. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. These rulings may provide a proper ground for appeal, but not for recusal. Opinions formed by the judge based on acts introduced or events occurring in the course of the ongoing proceedings, or of prior

proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* at 555. To the extent Plaintiffs argue the undersigned's comments stem from the prior representation of Deutsche Bank, the undersigned already has addressed why that representation has no bearing on this matter. Having reflected on this case, the undersigned is convinced that my rulings were not based on any bias and that the undersigned is not biased for or against any party in this case. Accordingly, the undersigned finds Plaintiffs present no valid basis for my recusal under § 455(a).

In summary, the undersigned finds recusal under § 455(a) inappropriate. While a close call requires recusal, *see, e.g.*, *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484-85 (5th Cir. 2003), "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Sensley*, 385 F.3d at 598-99 (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)). This case does not present a close call.

## CONCLUSION

In light of the foregoing, the undersigned finds Plaintiffs' Motion for Recusal [Dkt. 70] should be denied. Accordingly,

It is therefore **ORDERED** that Plaintiff's Motion for Recusal [Dkt. 70] is **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 4th day of August, 2017.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE