# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAYNE A. POWE, REGINA Y. POWE § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL TRUST § <br> COMPANY, AS TRUSTEE FOR § <br> RESIDENTIAL ASSET SECURITIZATION § <br> TRUST SERIES 2004-A7 MORTGAGE § <br> PASS-THROUGH CERTIFICATES 2004-G § | Civil Action No. 4:15-CV-661 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 6, 2017, the report of the Magistrate Judge (Dkt. #61) was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment (Dkt. #43) be granted. Having received the report of the Magistrate Judge (Dkt. #61), having considered each of Plaintiffs' timely filed objections (Dkt. #65), Defendant's Response (Dkt. #69), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

## BACKGROUND

The underlying facts and legal claims are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #61). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiffs' objections.

On June 21, 2004, Plaintiff Wayne Powe executed a Texas Home Equity Note ("Note") for $556,000 payable to SMI Financial Services, L.L.C. DBA SMI Mortgage. Plaintiffs concurrently executed a Texas Home Equity Security Instrument dated June 22, 2004 ("Security Instrument"). The Security Instrument states it secures "the promissory note signed by Borrower and dated June 22, 2004. The Note states that Borrower owes Lender five hundred fifty-six thousand and 00/100ths dollars (U.S. $556,000.00) plus interest." Defendant is the owner and holder of the Note and mortgagee of the Security Instrument pursuant to a series of assignments.

On May 12, 2017, Defendant filed its Motion for Summary Judgment. On June 1, 2017, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment subject to a Motion for Continuance of their Response and their Objections to Defendant/Counter Plaintiff's Summary Judgment Evidence. The Court granted, in part, Plaintiffs' request to extend the deadline to respond to Defendant's summary judgment motion giving Plaintiffs until June 28, 2017, to file a supplement to their June 1 Response. Plaintiffs did not file any further response. Plaintiffs filed another Motion for Continuance to File Response on June 28, 2017. The Court denied Plaintiffs' request. The Magistrate Judge entered a report and recommendation on July 6, 2017, recommending Defendant's Motion be granted. Subsequently, on July 20, 2017, Plaintiffs filed their objections to the Magistrate Judge's report and recommendation. Defendant filed its Response on July 28, 2017.

## ANALYSIS

The Magistrate Judge made the following findings and conclusions in the report and recommendation related to Defendant's summary judgment evidence: (1) Donealia Wilson had personal knowledge of the statements made within her Affidavit, and the attachments thereto, were properly established as business records; and (2) Defendant cited Exhibit B of Defendant's

summary judgment motion for the purpose of establishing that Plaintiffs admitted to receiving the Notice of Default and Intent to Accelerate sent on January 15, 2015, and also the Notice of Acceleration sent on February 20, 2015. The Magistrate Judge further found Defendant entitled to summary judgment on its judicial foreclosure claim.[1] Plaintiffs object that: (1) Donealia Wilson lacked the requisite personal knowledge to establish the documents as business records; (2) the Magistrate Judge failed to address whether Defendant presented evidence that it had received an assignment of the Security Instrument; and (3) the Magistrate Judge erroneously stated the Court had previously considered whether Defendant was properly appointed trustee of the securitized trust and/or the entity that formed such trust. Plaintiffs have also objected to the Magistrate Judge's Order (Dkt. #54) granting in part and denying in part Plaintiff's Motion to Compel Discovery and Motion for Continuance of Motion for Summary Judgment Submission.

## I. *Objections to Report and Recommendation*

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

### *Objection 1: Exhibit A – Donealia Wilson Affidavit*

Plaintiffs first object to the Magistrate Judge's findings that Donealia Wilson ("Ms. Wilson") sufficiently established her personal knowledge of the statements within paragraph 10 of her affidavit, and that Exhibits A-1, A-2, A-3, and A-4 are business records.

---

[1] Defendant also brought a counterclaim for foreclosure pursuant to the doctrine of equitable subrogation; however, Defendant stated that its Motion only sought summary judgment on its counterclaim for judicial foreclosure (Dkt. #43 at 6 n.1). Defendant also stated in its Motion that, in accordance with its counterclaim for judicial foreclosure, it intends to seek an order through subsequent motion practice for attorney's fees incurred, which are recoverable from Plaintiffs under the terms of the Loan as an additional portion of the debt owed and secured by the Property (Dkt #43 at 8-9). Accordingly, the Magistrate Judge made no recommendation as to Defendant's entitlement to attorney's fees under the Note and Security Instrument (Dkt. #61 at 12 n.4).

3

Specifically, Plaintiffs reiterate their argument that no employee of Ocwen could make or transmit information to be included in a record prior to the date Ocwen started servicing the Loan.

The Affidavit of Ms. Wilson is sufficient to prove up the attached exhibits as business records. Business records produced by another entity, but subsequently integrated into the records of the party offering them, are admissible. *Cline v. Deutsche Bank Nat'l Tr. Co.*, No. 3:14-CV-1565-D, 2015 WL 4041791, at *3 (N.D. Tex. July 2, 2015). In *Cline*, the loan servicer's custodian of records averred that:

> SPS maintains a computer database (the "Loan Records") . . . with respect to the mortgage loans that SPS services. The Loan Records also include electronic images of the original loan documents and of correspondence relating to such loans. The Loan Records are kept in the course of SPS's regularly conducted activity and it is the regular practice of SPS to make the records in the Loan Records. The entries in the Loan Records are made at the time of the events and conditions they describe, either by people with first-hand knowledge of those events and conditions, or from information provided by people with such first-hand knowledge. The Loan Records kept by SPS also include any documents and files that SPS acquired from prior servicers of the mortgage loans, which are incorporated, kept, and relied on by SPS in the ordinary course of SPS'[s] business.

*Id.* at *4. The *Cline* court held this testimony was "sufficient to satisfy each of the requirements of Rule 803(6) and to establish that each of the documents in question has been integrated into SPS's records and relied upon by SPS in its day to day operations." *Id.*

In the instant case, Ms. Wilson similarly averred these records "are kept by Ocwen in the regular course of business, and it was the regular course of practice of Ocwen for an employee or representative of Ocwen with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time or reasonably soon thereafter." Further, Ms. Wilson—again similarly to the custodian in *Cline*—averred that the exhibits attached to her Affidavit are "business records of Ocwen, including documents obtained through Ocwen's agreement with Deutsche Bank, including prior servicer files, documents obtained from Ocwen's foreclosure counsel, documents

4

obtained from the public records and documents generated by Ocwen itself." Of particular import is Ms. Wilson's averment that the business records of Ocwen *include* prior servicer files—thus, Ocwen necessarily incorporated the prior servicer files into its business records. To the extent Plaintiffs believe *Cline* requires Ms. Wilson to have personal knowledge of the creation of prior servicer files, Plaintiffs are mistaken. Further, Plaintiffs have cited no authority in support of such proposition. The Court finds Ms. Wilson's testimony sufficient to satisfy each of the requirements of Rule 803(6). *See Cline*, 2015 WL 4041791, at *3. Accordingly, Ms. Wilson has laid sufficient predicate to establish the admissibility of the business records of Ocwen, including those documents obtained from prior servicers. Plaintiffs' first objection is overruled.

***Objection 2: Evidence of Assignment of Security Instrument***

Plaintiffs next object that the Magistrate Judge failed to address Defendant's failure to proffer evidence that SMI ever assigned the Security Instrument to anyone, and/or that Defendant ever received an assignment of the Security Instrument. Defendant argues Plaintiffs' objection consciously ignores the summary judgment evidence. The Court agrees.

The Court notes that the Magistrate Judge found as follows: "Defendant is the owner and holder of the Note and mortgagee of the Security Instrument pursuant to a series of assignments" (Dkt. #61 at 2). Further, the Magistrate Judge provided citations to the summary judgment record in support of this finding. For *pro se* Plaintiffs' benefit, the Court will reiterate the evidence proffered by Defendant in support of this finding (Dkt. #43, Exhibit A-3). Exhibit A-3 reflects as follows: Mortgage Electronic Registration Systems, Inc., solely as nominee for SMI Financial Services, L.L.C. DBA SMI Mortgage to Indymac Bank, F.S.B. (Dkt. #43, Exhibit A-3 at 1-3), to Onewest Bank, FSB (Dkt. #43, Exhibit A-3 at 4-5), to Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2004-A7, Mortgage Pass-Through

Certificates, Series 2004-G Under the Pooling and Servicing Agreement Dated June 1, 2004, by its Attorney-in-Fact and Servicer-in-Fact, Onewest Bank FSB (Dkt. #43, Exhibit A-3 at 6-8). Plaintiffs' challenge to the evidence establishing this chain of assignments, discussed *supra*, was unsuccessful. Accordingly, the Court adopts the Magistrate Judge's finding that "Defendant is the owner and holder of the Note and mortgagee of the Security Instrument pursuant to a series of assignments." Plaintiffs' second objection is overruled.

### *Objection 3: Evidence Establishing Defendant as Appointed Trustee*

Plaintiffs' third objection is that Magistrate Judge erroneously stated that the Court had previously considered whether Defendant established it was "actually and properly appointed trustee of this Residential Asset Securitization Trust, or that it was the entity that formed this trust." Specifically, Plaintiffs argue the Magistrate Judge could not have considered whether Defendant was the properly appointed trustee or the entity who formed the trust, because Plaintiffs did not raise this issue in their First Amended Complaint.

> In a footnote to the report and recommendation, the Magistrate Judge stated:
>
> Plaintiffs' summary judgment response—instead of disputing Defendant's summary judgment evidence—focuses on Plaintiffs' claim that summary judgment is improper because Defendant did not produce evidence that it formed the Residential Asset Securitization Trust Series 2004-A7 Mortgage Pass Through Certificates 2004-G, that Defendant was appointed trustee of such trust, or that the Security Instrument was transferred or assigned to such trust. The Court has already once considered these allegations and the related arguments by Plaintiffs in connection with Defendant's Motion to Dismiss (i.e. *the securitization of the Loan Agreement* and the assignments).

(Dkt. #61 at 10 n.3) (emphasis added). In their Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiffs' withdrew their claims related to violations of the Pooling & Servicing Agreement ("PSA") (Dkt. #15 at 8-9). The Magistrate Judge further recommended dismissal of Plaintiffs' claims for violations of the PSA for lack of standing (Dkt. #21 at 5-6). Plaintiffs raised no objection to this finding; accordingly, the Court dismissed

6

*inter alia*, Plaintiffs' claims for violations of the PSA. Here, Plaintiffs again assert concerns related to the securitization of the Loan. The Magistrate Judge did address the withdrawal of claims related to PSA violations/challenges to securitization. However, even if the Magistrate Judge had not previously addressed Plaintiffs' specific securitization arguments regarding whether Defendant established it was "actually and properly appointed trustee of this Residential Asset Securitization Trust, or that it was the entity that formed this trust," the Court finds in any event that Plaintiffs lack standing to assert such an argument here. *See Wells Fargo Bank v. Mata*, No. A-14-CA-00909-SS, 2016 WL 7616627, at *4 (W.D. Tex. Oct. 12, 2016) (another court considering the exact argument Plaintiffs raise here (*see* [1:14-cv-909] Dkt. #26 at 17) similarly found it to be an argument as to securitization), *aff'd sub nom. Wells Fargo Bank, Nat'l Ass'n for SABR Tr. 2004-OPI, Mortg. Pass-Through Certificates, Series 2004-OPI v. Mata*, No. 16-51343, 2017 WL 3381875 (5th Cir. Aug. 4, 2017). Plaintiffs' argument at its heart is premised on an alleged breach and/or violation of the PSA, particularly certain provisions regarding the securitization of mortgage loans (*see* Dkt. #46 at 2-3). Plaintiffs lack standing to challenge any alleged lack of compliance with the PSA because they have not proved that they are in privity with or are third-party beneficiaries of the PSA. *See, e.g.*, *Deerinck v. Heritage Plaza Mortg. Inc.*, No. 2:11-cv-01735-MCE-EFB, 2012 WL 1085520, at *5 & n.10 (E.D. Cal. Mar. 30, 2012) ("Plaintiffs lack standing to challenge the process in which their mortgage was securitized because they are not a party to the PSA. Plaintiffs were not investors of the . . . . Trust, nor are they third-party beneficiaries of the PSA, thus, they do not have standing to challenge an alleged breach of that agreement.") (collecting cases); *Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10cv89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012) (holding in response to argument that defendants could not establish that valid PSA would authorize foreclosure that, "[a]s multiple district courts have

agreed, a mortgagor does not have standing to challenge [the] pooling and service agreements because the mortgagor is not a party to the . . . agreements") (collecting cases); *In re Walker*, 466 B.R. 271, 284-85 nn. 28 & 29 (Bankr. E.D. Pa. 2012) ("[A] judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA.") (collecting cases); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010) (holding that plaintiffs "ha[ve] no ability under Texas law to sue for breach of [the PSA]" because they "[were] not a party to this agreement and did not become a party, agent or assignee of a party, or a third-party beneficiary of the agreement"). Plaintiffs cite no authority in support of their argument that Defendant lacks standing to assert its claim because Defendant does not show it was "actually and properly appointed trustee of this Residential Asset Securitization Trust, or that it was the entity that formed this trust." The Court finds such argument unavailing. Defendant's status as the holder of the Security Instrument—proven through the chain of assignments discussed *supra*—gives it standing to foreclose. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016) ("Under the Texas Property Code, a party has standing to initiate a non-judicial foreclosure sale if the party is a mortgagee. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."), *reh'g overruled* (Aug. 9, 2016). Here, Defendant has standing to seek foreclosure as legal owner and holder of the Note and Security Instrument. Plaintiffs' third objection is overruled.

## II. Objection to Order

Plaintiffs lastly object to the Magistrate Judge's order granting in part and denying in part Plaintiffs' Motion to Compel Discovery and Motion for Continuance of Motion for Summary Judgment Submission (Dkt. #54), as it relates to Request for Production 12. Defendant argues that Plaintiffs' Request for Production 12 was objectionable and improper, and that Plaintiffs provided no authority in support of their position that the information sought was relevant to the remaining foreclosure claims.

The Court's review of the Magistrate Judge's Order granting in part and denying in part Plaintiffs' Motion to Compel Discovery and Motion for Continuance of Motion for Summary Judgment Submission is under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). Federal Rule of Civil Procedure 72(a) provides, in relevant part, that "[a] party may serve and file objections to the [nondispositive] order within 14 days after being served with a copy" and that "[t]he district judge . . . must consider timely objections" to a magistrate's order on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The matters before the Magistrate Judge were pretrial matters not dispositive of a party's claim or defense, and, thus, are not reviewed de novo. *Pyca Indus. v. Harrison Cty. Waste Mgmt.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996) (applying "clearly erroneous and contrary to law" standard because motion for leave to amend considered nondispositive for Rule 72 purposes); *Vaquillas Ranch Co., Ltd. v. Texaco Exp. & Prod., Inc.*, 844 F. Supp. 1156, 1160-63 (S.D. Tex. 1994) (holding that only those motions listed in 28 U.S.C. § 636(b)(1)(A) are dispositive under Federal Rule 72).

The Magistrate Judge issued the Order granting in part and denying in part Plaintiffs' Motion to Compel Discovery and Motion for Continuance of Motion for Summary Judgment

Submission on June 23, 2017 (Dkt. #54). Plaintiffs received the Order on June 26, 2017 (Dkt. #58). Plaintiffs' deadline to object to the Order was July 10, 2017; however, Plaintiffs did not object to the Magistrate Judge's Order until July 20, 2017. Accordingly, Plaintiffs' objection is untimely. Notwithstanding, in light of Plaintiffs' *pro se* status, the Court considers Plaintiffs' objection.

      Plaintiffs' Request for Production 12 seeks:

> **REQUEST NO. 12**: All documents showing any and all payments, monetary compensation, funds or other consideration received by Defendant and/or by any previous owner, holder or servicer of the Note from any government agency, insurance company, credit default swap or other similar instrument, guaranty or insuring agreement, the Federal Home Loan Mortgage Corporation, the Federal National Mortgage Association, the Federal Housing Authority the Department of Housing and Urban Development, or any other person or entity that guarantied [sic] the payment of all or any part of the Note, or any other person or entity that paid all or any part of the Note, for the purpose of offsetting or reimbursing any losses suffered by Defendant, or by any prior owner of the Note, as a result of any alleged failure by Plaintiffs to timely pay the amounts due on the Note.

(Dkt. #65 at 6). Plaintiffs argue the information sought through Request for Production 12 is relevant because Defendant's right to foreclose would be extinguished if the debt was satisfied by default insurance proceeds. On June 20, 2017, the Magistrate Judge held a Hearing on Motion to Compel Discovery and a Motion for Continuance of Defendant/Counter Plaintiff's Motion for Summary Judgment Submission (Dkt. #51). At Hearing, the Magistrate Judge asked Plaintiffs if they could provide any authority in support of their position that the Defendant would lose its right to foreclose if any person or entity paid all or any part of the Note. Plaintiffs provided no authority in support of this position, and the Court is unaware of any such authority. Accordingly, the Court finds Plaintiffs' argument unavailing and cannot find the Magistrate Judge clearly erred. Plaintiffs' final objection is overruled.

**CONCLUSION**

Having received the report of the United States Magistrate Judge, having considered each of Plaintiffs' timely filed objections (Dkt. #65), Defendant's Response (Dkt. #69), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #43) is **GRANTED**.

It is further **ORDERED** that Defendant Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2004-A7, Mortgage Pass-Through Certificates, Series 2004-G shall proceed in filing any briefing on the issue of Defendant's entitlement to attorney's fees under the Note and Security Instrument.

**IT IS SO ORDERED**.
SIGNED this 24th day of October, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE