IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAYNE A. POWE AND<br>REGINA Y. POWE<br><br>   Plaintiffs,<br><br>V.<br><br>DEUTSHCE BANK NATIONAL TRUST<br>COMPANY AS TRUSTEE FOR<br>RESIDENTIAL ASSET<br>SECURITIZATION TRUST SERIES<br>2004-A7 MORTAGE PASS-THROUGH<br>CERTIFICATES 2004-G.<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:15-CV-00661-<br>§   ALM-CAN<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## AFFIDAVIT OF REGINA Y. POWE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF COLLIN | § |

Before me, the undersigned authority, on this day personally appeared Regina Y. Powe, known to me, who upon oath deposed and stated as follows:

1.    My name is Regina Y. Powe. I am over eighteen years of age and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, all of which true and correct. I am one of the Plaintiffs in this case, and my husband Wayne A. Powe is the other Plaintiff.

2.    After multiple and exhausting inquires with several bonding companies, I have learned that unlike other bonds, bonding companies require that a supersedeas bond must be fully collateralized in cash at the time of issuance. At this time, the Plaintiffs do not have the complete

**AFFIDAVIT OF REGINA Y. POWE - Page 1**

cash reserves of $87,106.00 to collateralize the supersedeas bond. For this reason, Plaintiffs have not been able to secure a supersedeas bond in the amount of $87,106.00.

3. Plaintiffs request that the Court consider an alternative method to satisfy the requirements of the supersedeas bond. The Plaintiffs propose that they immediately post a cash bond with the Court in the amount of $25,000.00. Thereafter, Plaintiffs propose that they deposit a monthly payment of $2,800.00 into the registry of the Court starting on January 1, 2019, and thereafter on the first of every month while their appeal is pending. This would fully protect Deutsche Bank from any damages that they might incur as a result of the appeal, which is the purpose of a supersedeas bond..

4. If the monthly payment of $2,800.00 is not made on or before the 15th of any month, commencing January 1, 2019, the Defendant would have the right to move the Court to vacate the order suspending enforcement of the judgment.

5. This would both protect Defendant and preserve Plaintiff's appeal rights. If the Defendants are allowed to foreclose on the property, Plaintiff's appeal becomes moot.

Further affiant sayeth not.

_____
Regina Y. Powe

Sworn to, acknowledged and subscribed before me on the 30th day of November, 2018.

_____
Marsha Riles Malone
Notary public in and for the state of Texas

MARSHA RILES MALONE
Notary Public
STATE OF TEXAS
ID #7310199
My Comm. Exp. Jan. 22, 2022

**AFFIDAVIT OF REGINA Y. POWE - Page 2**